**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

UNITED STATES OF AMERICA,                     CIVIL ACTION NO.:

               Plaintiff,                     HONORABLE:

vs.

MICHAEL A.  STEWART,

              Defendant,

---

## COMPLAINT

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1.      This court has jurisdiction over the subject matter of this action pursuant to

Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2.      The defendant is a resident of Oakland County, Michigan within the jurisdiction

of this Court and may be served with service of process at 23860 Rensselaer Street, Oak Park,

MI 48237.

### The Debt – Account No. 1999A13301

3.   The debt owed to the United States of America is as follows:

    *A.*   Current Principal *(after application of all
        prior payments, credits, and offsets)*                     $328.06

    B.   Current Capitalized Interest Balance and
        Accrued Interest                     $172.34

    C.   Accrued Capitalized Interest since October 8, 1997     $362.27

Owed                                                                          $902.67

**The Debt – Account No. 1999A19511**

4.  The debt owed to the United States of America is as follows:

   A.  Current Principal *(after application of all*
       *prior payments, credits, and offsets)*                    $2,625.00

   B.  Current Capitalized Interest Balance and
       Accrued Interest                                            $1,847.71

   C.  Administrative Fee, Costs, Penalties                        $649.34

   D.  Accrued Capitalized Interest since October 8, 1997          $4,272.46

   E.  Credits previously applied *(Debtor payments,*
       *credits, and offsets)*                                     $25.00

   Owed                                                            $9,369.51

   **Total Owed** (*for Accounts 1999A13301 and 1999A19511*) **$10,272.18**

The Certificates of Indebtedness, attached as Exhibits "A and B", shows the total owed excluding attorney's fees and CIF charges. The principal balance and interest balance shown on the Certificate of Indebtedness is correct as the date of the Certificate of Indebtedness after application of all prior payments, credits and offsets. Prejudgment interest for account 1999A13301 accrues at the rate of 6.79% per annum and prejudgment interest for account 1999A19511 accrues at the rate of 10.0% per annum.

**Failure to Pay**

5.  Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

F.      For the sums set forth in paragraph 3 and 4 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 and that interest on the judgment be at the legal rate until paid in full;

G.      For attorney's fees to the extent allowed by law;

H.      Filing fee of $350.00 as premitted by 28 U.S.C. § 2412(a)(2); and,

I.      For such other relief which the Court deems proper.


Respectfully submitted,

By:  */s/ Craig S. Schoenherr, Sr.*_____
CRAIG S. SCHOENHERR, SR. (P32245)
Attorney for Plaintiff
O'Reilly Rancilio PC
12900 Hall Rd Ste 350
Sterling Heights, MI  48313
Phone: (586) 726-1000
Fax: (586) 726-1560
cschoenherr@orlaw.com

62

U.S. DEPARTMENT OF EDUCATI.
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Name: Michael A. Stewart

Address: 4421 Avery
                Detroit, MI 48208
SSN No: ████-1979

Total debt due United States as of 10/8/97:    $540.40

I certify that U.S. Department of Education records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $328.06 from 10/8/97 at the annual rate of 6.79%. Interest accrues on the principal amount of this debt at the rate of $0.06 per day.

The claim arose in connection with a Government insured or guaranteed loan made by a private lender and assigned to the United States.

On 10/28/88 the debtor executed promissory note(s) to secure loan(s) from Bank of America, Pasadena, CA under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et.seq (34 C.F.R. part 682). The holder demanded payment according to the terms of the note(s) and on 9/28/89 the debtor defaulted on the obligation.

Pursuant to 34 C.F.R. 682.202 and/or terms of the promissory note(s) the holder(s) capitalized interest accrued to the original lender in the amount of $279.07, thereby increasing the principal balance due to $328.06.

After application of the last voluntary payment of $0.00 which was received on N/A the debtor now owes the following:

Principal:                                          $328.06
Interest:                                           $172.34
Administrative/Collection Costs:     $40.00
Penalties:                                         $0.00

CERTIFICATION: Pursuant to 28 USC Section 1746, I certify under penalty of perjury that the foregoing is true and correct.

_10/16/97_                          P. Ungaro
Date                                      Loan Analyst
                                            Litigation Branch

EXHIBIT
A

61

U.S. DEPARTMENT OF EDUCAT.
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Name: Michael A. Stewart

Address: 4421 Avery
Detroit, MI 48208
SSN No: ████-1979

Total debt due United States as of 10/8/97:   $5,122.05

I certify that U.S. Department of Education records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $2,625.00 from 10/8/97 at the annual rate of 10.00%. Interest accrues on the principal amount of this debt at the rate of $0.72 per day.

The claim arose in connection with a Government insured or guaranteed loan made by a private lender and assigned to the United States.

On 10/28/88 the debtor executed promissory note(s) to secure loan(s) from Aetna Bank, Chicago, IL under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et.seq (34 C.F.R. part 682). The holder demanded payment according to the terms of the note(s) and on 11/6/90 the debtor defaulted on the obligation.

Pursuant to 34 C.F.R. 682.202 and/or terms of the promissory note(s) the holder(s) capitalized interest accrued to the original lender in the amount of $0.00, thereby increasing the principal balance due to N/A.

After application of the last voluntary payment of $0.00 which was received on N/A the debtor now owes the following:

Principal:                              $2,625.00
Interest:                               $1,847.71
Administrative/Collection Costs:        $0.00
Penalties:                              $649.34

CERTIFICATION: Pursuant to 28 USC Section 1746, I certify under penalty of perjury that the foregoing is true and correct.

_____10/16/97_____              P. Ungaro
Date                            Loan Analyst
                                Litigation Branch

EXHIBIT
B

P.O. BOX 64107 • ST. PAUL, MN 55164-0107

*mail HEAF copy on ... this address.*

279121 — _____ - 1979

ecci

**FOR STUDENTS (SLS) APPLICATION/ PROMISSORY NOTE**

**SECTION A - TO BE COMPLETED BY BORROWER** (PRINT IN INK—PRESS FIRMLY—OR TYPE)

| 1. NAME (NO NICKNAMES) | | | |
|---|---|---|---|
| LAST STEWART | FIRST Michael | M.I. A | 2. SOCIAL SECURITY NUMBER ~~████~~ 1979 | 3. WHEN WERE YOU BORN? ~~████~~ |

4. PERMANENT ADDRESS: 4421 Avery

5. PERMANENT HOME PHONE (313) 831 8907

CITY: Detroit    STATE: Mich.    ZIP: 48208

6. U.S. CITIZENSHIP STATUS (CHECK 1 OR 2)
1 ☒ U.S. CITIZEN OR NATIONAL    2 ☐ PERMANENT RESIDENT OR OTHER ELIGIBLE ALIEN

ALIEN ID NUMBER IF APPLICABLE

7. PERMANENT RESIDENT OF WHICH STATE: Mich

8a. DRIVER LICENSE NUMBER (IF YOU DO NOT HAVE A LICENSE, PRINT "NONE" AND GO TO 9): None    8b. STATE IN WHICH LICENSE ISSUED

9. ADDRESS OF BORROWER WHILE IN SCHOOL (STREET, CITY, STATE, ZIP): 4421 Avery Det Mich. 48208

10. PHONE AT SCHOOL ADDRESS ( )

11. MAJOR COURSE OF STUDY, SEE CODES IN INSTRUCTIONS IN APP. BOOKLET

12. LOAN AMOUNT REQUESTED: ~~████~~ 4000 .00

13. PERIOD LOAN WILL COVER FROM MO 11 YR 88 TO MO 09 YR 85

PRIOR LOAN INFORMATION: READ INSTRUCTIONS IN THE APPLICATION BOOKLET

| 14a. DO YOU HAVE ANY PRIOR UNPAID SLS (ALAS) LOANS? ☐ YES (GO TO 14b) ☒ NO (GO TO 18) | 14b. IF YES, TOTAL UNPAID PRINCIPAL BALANCE $ | 15. UNPAID PRINCIPAL BALANCE OF MOST RECENT PRIOR SLS (ALAS) $ | 16. GRADE LEVEL OF MOST RECENT PRIOR SLS (ALAS); SEE INSTRUCTIONS IN APP. BOOKLET | 17. LOAN PERIOD START DATE OF MOST RECENT PRIOR SLS (ALAS) MO DAY YR |
|---|---|---|---|---|

18. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, PERKINS, CONSOLIDATED, OR INCOME CONTINGENT LOAN? ☐ YES (GIVE DETAILS ON SEPARATE SHEET) ☒ NO

REFERENCES (YOU MUST PROVIDE THREE DIFFERENT NAMES, WITH DIFFERENT U.S. ADDRESSES AND PHONE NUMBERS)

| 19a. NAME Martha Morrison | 19b. NAME Arthur Vaughan JR | 19c. NAME Lillie Vaughan |
|---|---|---|
| STREET 4421 Avery | STREET 3811 11th street | STREET 16515 Washburn |
| CITY, STATE, ZIP Detroit Mich 48208 | CITY, STATE, ZIP Ecorse Mich | CITY, STATE, ZIP Det Mich. 48221 |
| PHONE (313) 831 8907 | PHONE (313) 386 8757 | PHONE (313) 862 1003 |

20. IF YOU QUALIFY FOR A DEFERMENT, DO YOU WISH TO DEFER PRINCIPAL PAYMENTS WHILE IN SCHOOL? (IF YES, GO TO 21; IF NO, GO TO 22a) ☒ YES ☐ NO

21. YOUR LENDER MAY ALLOW THE INTEREST TO ACCRUE AND CAPITALIZE IT DURING THE DEFERMENT; OR YOUR LENDER MAY COLLECT THE INTEREST FROM YOU IN PERIODIC INSTALLMENTS. IF YOUR LENDER GIVES YOU A CHOICE, WHICH DO YOU PREFER?
☒ ACCRUE; CAPITALIZE    ☐ PERIODIC INSTALLMENT PAYMENTS

NOTICE TO BORROWER ~~████~~
PROMISE TO PAY ~~████~~
described ~~████~~
the ~~████~~
By signing ~~████~~

22a. SIGNATURE OF BORROWER (APPLICATION CANNOT BE PROCESSED WITHOUT SIGNATURE)
X *Michael A. Stewart*

22b. DATE BORROWER SIGNED MO 10 DAY 28 YR 88

**SECTION B - TO BE COMPLETED BY SCHOOL** (BORROWER: DO NOT WRITE IN SECTIONS BELOW)

23. NAME OF SCHOOL: **NATIONAL TECHNICAL INSTITUTE 144 W. LAFAYETTE #200**

25. PHONE (313) 961-2240

26. SCHOOL CODE 023025

24. ADDRESS (STREET, CITY, STATE, ZIP): **DETROIT, MICHIGAN 48226**

27. SCHOOL BRANCH

28.

29. PERIOD LOAN WILL COVER FROM MO 11 DAY 07 YR 88 TO MO 09 DAY 15 YR 89

30. STUDENT'S GRADE LEVEL (CHECK ONE) CORRESP 0 | UNDERGRAD. ☒1 2 3 4 5 | GRAD. 6 7 8 9 10

31. ANTICIPATED GRADUATION DATE MO 12 DAY 29 YR 89

32. STUDENT'S ENROLLMENT STATUS DURING THE LOAN PERIOD (CHECK 1 OR 2) 1 ☒ FULL-TIME 2 ☐ HALF-TIME UNTIL: MO 12 DAY 29 YR 89

33. STUDENT STATUS ☐ DEPENDENT ☒ INDEPENDENT

34. COST OF ATTENDANCE FOR LOAN PERIOD $ 11 450

35. ESTIMATED FINANCIAL AID FOR LOAN PERIOD $ 2200

36. DIFFERENCE (ITEM 34 LESS ITEM 35) OR LEGAL MAXIMUM 9250

37. SUGGESTED DISBURSEMENT DATES
1ST DISB. MO 11 DAY 07 YR 88
2ND DISB. MO DAY YR
3RD DISB. MO DAY YR

38. DO SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL TERMS? YES ☒ NO ☐

39. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? YES ☐ NO ☒

40. SCHOOL USE ONLY

I HAVE READ, I UNDERSTAND, AND I AGREE TO THE TERMS OF THE SCHOOL CERTIFICATION PRINTED ON THE REVERSE SIDE OF THIS APPLICATION.

41a. SIGNATURE OF SCHOOL OFFICIAL X _____

41b. DATE SIGNED MO 11 DAY ?? YR 88

41c. PRINT NAME AND TITLE _____ Dr Fin Aid

**SECTION C - TO BE COMPLETED BY LENDER**

42. NAME OF LENDER: Bank of America

48. DISBURSEMENT DATE MO 12 DAY 2 YR 88 $ 2000

43. ADDRESS (STREET, BUILDING): Box 7047

44. LENDER CODE 824421    45. 

MO 4 DAY 3 YR 89 $ 2000

CITY, STATE, ZIP: Pasadena, CA 91109-7047    (818) 578-7626

46. BRANCH CODE    47.

MO DAY YR $ AMOUNT

50. NUMBER OF MONTHLY INSTALLMENTS 120

51. DUE DATE OF FIRST PAYMENT MO 1 DAY 28 YR 90

52. LENDER ACCOUNT NUMBER

53. LENDER USE ONLY

TOTAL LOAN AMOUNT APPROVED ~~████~~ 4000

54a. SIGNATURE OF LENDING OFFICIAL X _____

54b. DATE SIGNED MO 11 DAY 28 YR 88

54c. PRINT NAME AND TITLE: Tagoui Martin / Authorized Officer

**SECTION D - TO BE COMPLETED BY HEAF**

55. HEAF USE ONLY    56. PROMISSORY NOTE STATUS    57. CREDIT APPROVAL INDICATOR

A353
SLS-F0353A 2-88

# SLS PROMISSORY NOTE

## A. PROMISE TO PAY

The Interest and Guarantee Fee rates and terms (mentioned in the Promise to Pay on the front of this application/promissory note) are:

1. Interest. For a PLUS or SLS loan disbursed prior to July 1, 1987, the interest may be 9, 12, or 14 percent. For loans disbursed on or after July 1, 1987 the interest will be equivalent to interest on the Loan Amount shown on the front of this application/promissory note, at a variable rate not to exceed 12 percent per year. The interest rate will be determined annually and will be disclosed to me prior to disbursement of my loan. The interest rate for any year will be the rate published for that year by the U.S. Department of Education for variable-rate PLUS and SLS loans.

2. Guarantee Fee.

HEAF may charge a fee to guarantee my loan. The amount, if any, is governed by current law, applicable regulations and HEAF policy and Rules and Regulations. The Guarantee Fee will be deducted from my check. I understand that this charge is not subject to refund except for the amount attributable to any disbursement I do not receive, which refund will, at the lender's option, be applied to my loan balance or be returned to me. My loan disclosure statement will show the actual guarantee fee charged.

## B. DISCLOSURE OF LOAN INFORMATION

I understand that before I receive my loan check, my lender will send me a loan disclosure statement that identifies all the terms of my loan.

## C. GENERAL

I understand that the lender has a
Higher Education Assistance Foun
and the terms of this Promissory No
of the Higher Education Act of 196
under the Act, and the Rules and Re
law, this Note shall be governed by t

## D. REPAYMENT

1. I understand I can either defer p
immediately. These options are des
front of this application/promissory i
Deferred Repayment. If I answer YE
reasons explained under Defermen
the repayment period on this loan b
due within 60 days of disbursement
at my lender's option, and in accord
statement:
a. be paid by me in installments, or
b. accrue and be added to the princi
quarterly, in accordance with laws a
I will contact the lender prior to expir
of repayment. If I neglect to do so, I a
the guidelines set forth in Paragraph
my lender must inform me of the terr
to the lender.
*Immediate repayment.* If I answer N
interest within 60 days of disbursem

2. I will repay this loan within 10 year
generally lasts at least 5 years but nc
to these rules apply:
a. The lender may require a repaym
ensure that during each year of the
GSLP, PLUS or SLS program loans
least $600 or the unpaid principal ba
b. If I qualify for any deferment period
grants "forbearance", those periods
tioned above.

3. The particular terms and condition
the loan disclosure statement that th

4. My obligation to repay this loan sh
nently disabled.

## E. PREPAYMENT

At my option and without penalty, I
principal balance of this Note. In the
unearned interest which I have paid i
the same method by which interest p

## F. DEFERMENT OF PAYMEI

In certain instances authorized by th
as described under Repayment in thi
rized by the Act are described under Deferment in the HEAF application information booklet. If I seek such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of HEAF, including without limitation submission of required forms to the lender. I will remain responsible for payment of interest during any period of deferment which my lender may, (a) collect on a periodic basis, or (b) add to the principal balance of the loan.

## G. FORBEARANCE

If I am unable to repay this loan in accordance with the terms established under Repayment in this Note, I may request the lender to modify these terms. I understand that such modification would be at the lender's option and would have to be in compliance with the Act, federal regulations adopted under the Act and the Rules and Regulations of HEAF. I understand that a modification of repayment terms under this Section is different from Deferment as described in this Note and that during this period I will remain responsible for payment of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of this loan.

## H. DEFAULT

1. Definition—I understand that under the Act, and HEAF Rules and Regulations, any of the following events is a default:
a. failing to make any installment payment when due, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments;
b. making any false representation for the purpose of obtaining this loan;
c. using the loan proceeds for other than educational purposes;
d. failing to enroll in the school that completed the application for the time identified as my loan period;
e. not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name, or (d) change my permanent address.

2. Consequences of default—If I default on this loan:
a. The lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable;
b. The lender, holder, or guaranty agency may disclose to schools I have attended (or am currently attending) information about the default;
c. I will be ineligible to receive assistance from all Title IV programs and any of the following federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loan (formerly called National Direct Student Loan), Guaranteed Student Loan (GSL), Supplemental Loan for Students (SLS), PLUS loans, or Consolidation Loans;
d. I will be ineligible for the benefits described under Repayment and Deferment in this Note;
e. I will also pay all charges and other costs, including attorney's fees, that are permitted by federal law and regulations for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs not to exceed 25 percent of the unpaid principal and accrued interest. Declaring
ayable is at the option of the lender, which it may do
ice and other requirements of law. Failure to exercise
of the lender's right to exercise the option at a later

EAF I will then be required to pay HEAF all amounts

---

**AFFIX TO BACK OF PROMISSORY NOTE**

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

| SIGNATURE | | |
|---|---|---|
| X *(signature)* | | |
| TITLE *Dep. Rep.* | | DATE *5/12/90* |

F0025  10-87

---

ct from me a late charge if I fail to pay all or part of a
days after it is due or if I fail to provide written evi-
he payment deferred as described under Deferment
ed 6 cents for each dollar of each late installment.

**ATION**

nis loan and its repayment will be reported to one or
default on this loan, the lender, holder or guaranty
dit bureau organizations. This may significantly and
er credit.

must notify me at least 30 days in advance that infor-
ed to credit bureau organizations unless I enter into
s.

se to a request from any credit bureau organization
hat organization about the accuracy and complete-

r the laws of the United States of America that the
rower, certify that the information contained in my
and correct to the best of my knowledge and belief
's option under the SLS program, I authorize the
ayable to me and my school. I hereby authorize the
hich may be due me up to the amount of this loan. I
ution that I may attend, or HEAF, to release to the
r their agents, any requested information pertinent
nt status, prior loan history, current address). I also
their agent, the educational institution, or HEAF to
from my parents (under the SLS program), or prior
respect to my loan application and related docu-
quent holder, their agent or HEAF to release infor-
s I have listed in my loan application as references,
ddress and telephone number. I also authorize the
HEAF to check my credit and employment history
it experience with me. I certify that the proceeds of
rposes for the academic period stated on my loan
named on the application. I understand that I am
I receive which cannot reasonably be attributed to
o attendance at that institution for the loan period
ly for a Pell Grant, that I have done so or that I have
eligibility for a Pell Grant. I certify that I am a bor-
S or SLS program and that I do not owe a refund to
that I have read the materials explaining the federal
have been provided to me and that I understand

my responsibilities and my rights under that program.

## SCHOOL CERTIFICATION

I hereby certify that the student named in Section A of this application is accepted for enrollment or is enrolled as at least a half-time student, and is making satisfactory progress in a program determined to be eligible for this loan program. I further certify that the student has been determined by this institution, under the regulations applicable to this loan program, to be eligible for the loan applied for. I further certify that based upon records available at this institution and due inquiry to the student, the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid, is not in default on any loan made under any Title IV student assistance program identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any Title IV student assistance program identified in 34 CFR Part 668. I further certify that this institution will comply with all appli-

c
ir
S

*(inverted text at bottom of page)*
STEWART, MICHAEL,
CLAIR NC 19393C5C4551E4 C8-26-53
SSN [redacted] 1979   TU   T
2-88
HEAF
d this
elief.

1008999   27 21   **AETNA BANK**   -1979   068099

## GUARANTEED STUDENT LOAN APPLICATION AND PROMISSORY NOTE

### SECTION 1—TO BE COMPLETED BY THE BORROWER "IMPORTANT—READ THE INSTRUCTIONS CAREFULLY"

| 1. Social Security Number | 2. Last Name | First Name | Middle Initial | 3. Birthdate |
|---|---|---|---|---|
| ▓▓▓ 1979 | STEWART | Michael | A | |

**4. Permanent Home Address** 4421 Avery

**City, State, Zip Code** Det. Michigan

**1. Area Code/Telephone No.** 313 831 890

**5. United States Citizenship Status (Check One) (See Instructions)**
- ☒ a. U.S. Citizen/National
- ☐ b. Eligible non-citizen (Alien #_____)
- ☐ c. Neither of the above

**7. You are a permanent resident of what state?** State: ME Since: 1/1963

**8. State of Driver's License** ____ Driver's Lic. #: ____ Since: ____
**State of Veh. Reg.:** ____ Since: ____

**9. Loan Period** From 1/1/88 To 9/15/89

**10. Loan Amount Requested** $2625

**11. Major course of study** MA

**12. List post secondary institutions you have attended including dates** NONE

**13. Have you ever defaulted on a GSL, PLUS/SLS or Consolidation Loan?** ☐ Yes ☒ No If "Yes", see Instruction

**14. Have you received a GSL, PLUS/SLS or Consolidation Loan for a period of enrollment before July 1, 1988?** ☐ Yes ☒ No

**15. List below all GSL, PLUS/SLS and Consolidation Loans. Do Not include Perkins (NDSL) or HEAL Loans. Continue on a separate sheet if necessary. If none write "NONE". If out-of-state loan, include proof of interest rate and unpaid balance.**

| Name of Lender | City and State of Lender | Loan Period Beginning Date Mo. / Year | Interest Rate | Unpaid Balance |
|---|---|---|---|---|
| NONE | | | % | $ |
| | | | % | $ |

**16. Wisconsin Residents Only. Marital Status:** ☐ married ☐ unmarried or legally separated   **If married, spouse's name and address:**

| 17a. Parent or Guardian (If deceased, other relative) | | 17b. Other Relative (not living at 17a or 17c or 4) | | 17c. Other Relative or Friend (not living at 17a or 17b) | |
|---|---|---|---|---|---|
| Name: MARtha Morrison | Relationship: Mother | Lillie Vaughan | Relationship: Step Mother | Artur Vaughn Jr | Relationship: Cousin |
| Address: 4421 Avery | | 16815 Washburn | | 3512 18th street | |
| City/State/Zip: Det Mich. 48208 | Since: 1973 | Det. Mich 48221 | Since: 1972 | ECOSE Mich. | Since: 1966 |
| Area Code/Telephone No.: 313 831-8907 | | 313 862-1003 | | 313 586 8755 | |
| Place and City of Employment LANDLORD Detroit Mich | | General Motors Liv. Mich | | Driver Wyndotte Mich | |

**Promissory Note for a Guaranteed Student Loan**

1. Promise To Pay I, called Maker identified in Section I, Item 2 and "Endorser," if any, identified in Section I, Item 18c, promise to pay to the lender identified in Section 3, Item 35, when this note becomes due as set forth in paragraph 6 (on reverse side), the sum of

**Two thousand Six hundred twenty five DOLLARS**

**12a.** Requested Loan Amount — Must be the same as Item 10

$2625.00 or such lesser amount as is advanced to me and identified to me in the GSL Disclosure Statement, plus interest computed at the applicable rate disclosed on the GSL Disclosure Statement. If I am not satisfied with the terms of the loan on the GSL Disclosure Statement, I may cancel this agreement. I agree to contact my lender immediately and I will not cash any loan check that has been released to me. I agree to check the GSL Disclosure Statement as soon as I get it and to let my lender know if anything looks wrong or if I have any questions. My signature certifies that I have read and agree to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side.

**NOTICE TO THE MAKER:** DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE REVERSE EVEN IF OTHERWISE ADVISED. YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT. MAKER AND ENDORSER ACKNOWLEDGE RECEIPT OF AN EXACT COPY OF THIS NOTE. THE STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBILITIES.

**18b. Maker's Signature** Michael A. Stewart (Seal) **Date** 10/28/8

**18c. Endorser's Signature** ____ (Seal) **Date** ____

**Endorser's Soc. Sec. No.** ____ **Endorser's Address** ____

### SECTION 2—TO BE COMPLETED BY THE SCHOOL

**19. Name of School** NATIONAL TECHNICAL INSTITUTE
144 W. LAFAYETTE #200
DETROIT MICHIGAN 48226

**20. Address** ____ **City, State, Zip Code** ____ **21. Area Code/Telephone No.** 313 961-0241

| 22. School Code | 23. Borrower Enrolled | 24. Dependency | 25. Loan Period From Mo. Day Year / To Mo. Day Year | 26. Grade | 27. Anticipated Grad. Mo. Year | 28. Est. Cost of |
|---|---|---|---|---|---|---|
| 028025 | Full | IND | 11 07 88 / 09 15 89 | 1 | 12 89 | $14 |

| 29. Est. Fin. Aid | 30. E.F. Contribution | 31. Approved Loan Amount | 32. 1st Disbursement Date Mo. Day Year | 33. 2nd Disbursement Date Mo. Day Year |
|---|---|---|---|---|
| $2250 | $624 | $2625 | 11 07 88 | 04 07 89 |

I have read and understand the terms of the "School's Certification" printed on the REVERSE SIDE of this application.

**34. Signature of School Official** ____ **Print Name and Title** ____ **Date** 11-17-8

### SECTION 3—TO BE COMPLETED BY THE LENDER

**35. Name of Lender** Aetna Bank

**36. Street Address** Lincoln, Fullerton & Halstad **City, State, Zip Code** Chicago, IL 60614

**37. Lender Code** 829256 **38. Entity Number** ____ **39. Area Code/Telephone No.** (312) 935-6000

**40. 1st Disbursement Amount** $1313.00
**41. 2nd Disbursement Amount** $1312.00
**42. Total Amount Approved** $2625.00

**43. Signature of Lender Official** Bonnie Lasby **Print Name and Title** BONNIE LASBY Student Loan Rep **Date** 11-25-88

**LENDER COPY A**

**2. DEFINITIONS.** All words, phrases, and conditions not defined in this Note shall be construed according to common and approved usage unless a technical meaning is ascribed to them. Title IV, Part B Higher Education Act of 1965 (20 U.S.C. 1071 et seq), as amended, called the "Act" or Federal Regulations. The U.S. Secretary of Education shall be called the "Secretary". The Great Lakes Higher Education Corporation shall be called "GLHEC".

**3. APPLICABLE INTEREST RATE.** (1) The Maker agrees to pay an amount equivalent to simple interest (as specified in (4)) on the unpaid principle balance from the date of disbursement until the entire principal sum and accrued interest are paid in full. (2) However, the Secretary will pay the interest that accrues on this loan prior to repayment status and during any deferment. If it is determined that the Maker qualifies to have such payments made on the Maker's behalf under the regulations governing the Guaranteed Student Loan Program ("GSLP"). In the event that the interest on this loan is payable by the Secretary, neither the lender nor the holder of this Note may attempt to collect the interest from the Maker. The Maker, however, may choose to pay the interest. (3) Once the repayment status begins the Maker will be responsible for all interest that accrues on this loan, except that if the interest accruing on this loan prior to repayment period was payable by the Secretary, the Secretary will pay the interest that accrues on this loan, except that during any period described under DEFERMENT (par. 13) in this Promissory Note. (4) The interest rate will be determined according to the following: (a) if the Maker has an outstanding Guaranteed Student Loan(s) ("GSL") on the date the Maker signs this Note, the applicable interest rate will be the same as the applicable interest rate on the outstanding GSL(s). (b) if the Maker is borrowing for a period of enrollment which begins before July 1, 1988, and the Maker has no outstanding GSL(s), the applicable interest rate on this loan will be 8%. (c) if the Maker is borrowing for a period of enrollment which begins on or after July 1, 1988, and the Maker has no outstanding GSL(s) but the Maker has an outstanding balance on any PLUS, Supplemental Loans for Students ("SLS") made for enrollment periods beginning before that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8%. (d) if the Maker is borrowing for a period of enrollment which begins on or after July 1, 1988, and the Maker has no outstanding balance on any GSL, PLUS, or SLS made for enrollment period beginning before that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8% until the end of the fourth year of the Maker's repayment status and will be 10% beginning with the fifth year of the Maker's repayment status, and (b) beginning with the fifth year of the Maker's repayment status, will be identified on the GLHEC GSL Disclosure Statement. (5) The applicable interest rate (a) until the end of the fourth year of the Maker's repayment status, and (b) beginning with the fifth year of the Maker's repayment status, will be identified on the GLHEC GSL Disclosure Statement. (6) The Maker may also receive rebates of interest, if required by the Higher Education Act of 1965, as amended, when the applicable interest rate is 10%. (7) The lender or other holder of this note may add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with regulations and policies of GLHEC.

**4. GUARANTEE INSURANCE FEE.** The Maker agrees to pay a loan guarantee insurance fee to Lender equal to 1% of the Loan Amount. The amount of this fee will be shown on the GSL Disclosure Statement and it will be deducted proportionally from each disbursement of this loan. This fee may be refundable if no amount of this loan has been disbursed to the Maker.

**5. LOAN ORIGINATION FEE.** The Maker agrees to pay to the lender a loan origination fee equal to 5% of the Loan Amount. This fee may be increased to 5.5% by Presidential order issued pursuant to the sequestration provisions of the Balanced Budget and Emergency Deficit Control Act of 1985. The amount of this fee will be shown on the GSL Disclosure Statement and will be deducted by the lender from each disbursement of the proceeds of the loan in an amount prorated in accordance with the amount of each disbursement.

**6. PAYMENT OF NOTE.** During the Interim Period consisting of the time the Maker continues to carry at an eligible institution at least one half the normal full-time academic workload determined by that institution plus the Grace Period, no payments are due from the Maker, and all interest accruing will be paid to the lender by the Secretary if the Maker qualifies for interest subsidy. During the Grace Period, the lender will provide the Maker and the Maker will sign, a Payment Schedule and Disclosures form which will establish the number and amounts of payments necessary to repay the principal and interest due on this note over the period ("Repayment Period") commencing at the conclusion of the Grace Period. The lender may add accrued interest for which the Secretary is not liable and any interest not paid by the Maker when due to the unpaid principal balance of this loan in accordance with GLHEC regulations. From the date the Repayment Period begins, the Maker and not the Secretary is liable for all interest accruing on this Note except during authorized deferment periods. Except where the minimum payment provided in par. 7 is applicable, the Repayment Period lasts at least 5 years but no more than 10 years, (except for authorized periods of deferment and forbearance). If the lender and Maker agree to a Repayment Period of less than 5 years, the lender will, at the Maker's request, extend it to 5 years unless doing so would reduce the Maker's payments below the minimum required by par. 7. The Maker agrees (A) to notify the lender promptly in writing after ceasing to carry at an eligible institution at least one half the normal full-time academic workload, (B) to sign the Payment Schedule and Disclosures form, provided by the lender, not later than 120 days prior to the expiration of the Grace Period, and (C) to pay the Note in accordance with the Payment Schedule and Disclosures form. Receipt or signature of the Payment Schedule and Disclosures form by the Maker shall not be a condition precedent to liability for payment of any sums owed by the Maker and any Endorser.

**7. MINIMUM PAYMENT.** The total annual payment by the Maker during any year of the repayment period on all GSL and PLUS/SLS loans made under the Act shall not, unless otherwise agreed to by lender and Maker, be less than $600 or the balance of all such loans plus accrued interest, whichever is less, except that if a husband and wife both have outstanding GSL and PLUS/SLS loans, the total combined annual payment on all such loans by husband and wife shall not be less than $600 or the combined balance of all such loans plus accrued interest, whichever is less. The required annual payment may be more than indicated above depending on the total amount borrowed.

**8. PREPAYMENT WITHOUT PENALTY.** The Maker and any Endorser may prepay the whole or any part of this Note at any time without penalty, and may be entitled to a rebate of any unearned interest that was paid.

**9. LATE PAYMENT PENALTY.** A late payment penalty may be assessed on the unpaid amount of any installment not paid on or before the 10th day after its scheduled or deferred due date. The late charge may not exceed 5% of each installment or $6 for each installment whichever is less. This charge may be added to the Maker's account and deducted from any future payment prior to allocation toward payment of any principal or interest.

**10. COLLECTION CHARGES.** The Maker and any Endorser are liable for all charges and collection costs, including statutorily authorized attorneys fees, that are permitted by Regulations the Secretary and are necessary for the collection of the loan.

**11. SECURITY INTEREST.** This Note is unsecured and the lender expressly waives, as security for this Note, any security interest held by the lender.

**12. DISBURSEMENT SCHEDULE.** The Maker and lender agree that the amount paid to the Maker shall be disbursed by check payable to the order of and requiring the endorsement of the Maker according to the schedule listed on the GSL Disclosure Statement.

**13. DEFERMENT.** Payment of principal will be deferred after the repayment period begins, provided Maker complies with the procedural requirements set forth in the regulations governing the GSL Program in any of these circumstances including deferment renewals that may be required: (A) While Maker is enrolled — (a) Full-time study at a school that is participating in the GSLP (unless Maker is not a citizen or national of the United States and is studying at a school not located in the United States); (b) Full-time study at an institution of higher education or vocational school that is operated by an agency of the Federal Government (e.g., the service academies). (c) A graduate fellowship program approved by the Secretary; or (d) A rehabilitation training program for disabled individuals approved by the Secretary. (B) For periods not exceeding 3 years for each of the following while Maker is — (a) On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Services; (b) Serving as a Peace Corps Volunteer; (c) Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs, e.g., VISTA); (d) Serving as a full-time volunteer for an organization exempt from Federal income taxation under Section 501(c)(3) of the Internal Revenue Code of 1954, while performing service which the Secretary has determined is comparable to service in the Peace Corps or ACTION program; or (e) Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because Maker is providing care required by a dependent who is temporarily totally disabled, as established by affidavit of a qualified physician. (C) For a period not exceeding 2 years while Maker is serving in an internship that the Secretary has determined is necessary for Maker to gain professional recognition required to begin professional practice or service. (D) For a period not exceeding 2 years while Maker is conscientiously seeking but unable to find full-time employment in the United States; and (E) Up to 6 months if borrower is pregnant or caring for a newborn or newly adopted child, and is not in attendance at an eligible school or gainfully employed, and was enrolled within the past 6 months at an eligible institution. For new borrower receiving a loan for a period of enrollment beginning on or after July 1, 1987, payment may also be deferred for: (A) Enrollment at least half-time (as determined by school), and receiving a GSL for the period of enrollment; (B) Up to 3 years while serving as active duty member of the National Oceanic and Atmospheric Administration Corps; (C) Up to 3 years for full-time elementary or secondary school teachers in a teacher shortage area prescribed by the Secretary; (D) Up to 2 years for service in an eligible internship or residency program leading to a degree or certificate awarded by an institution of higher education, hospital, or a health care facility that offers post-graduate training; and (E) Up to 1 year for mothers of pre-school children entering or re-entering the work force who earn less than $1 above minimum wage.

To be granted a deferment, Maker must provide the lender with written evidence of eligibility. Maker must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

**14. EVENTS OF DEFAULT.** This Note shall, at the option of the holder, become immediately due and payable upon the occurrence of any of the following events of default: (A) Failure of Maker to pay any monthly installment when due provided that this failure persists for 180 days or 240 days for less frequent installments; or (B) giving false or inaccurate information on an application for a student loan. Upon default all of the Maker's rights under this agreement shall be terminated, including but not limited to the deferments provided for in par. 13. Payment arrangements which may be allowed by the Great Lakes Higher Education Corporation after default, shall not reinstate or renew any such terminated rights of the Maker.

**15. CONSEQUENCES OF DEFAULT.** Upon an event of default (par. 14), Maker and Endorser are jointly and severally liable for all charges and collection costs (including statutorily authorized attorneys fees) permitted by federal statutes or by rules or regulations issued by the Secretary or GLHEC for the collection of any amounts due under this Note. If this loan is referred for collection to an agency subject to the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 et seq.), Maker and Endorser will jointly and severally pay those collection costs which do not exceed 25% of the unpaid principal and accrued interest. In the event GLHEC obtains a legal judgment on the defaulted loan, GLHEC reserves the right to collect interest on the judgment at any rate up to the maximum rate of interest that applicable law may allow with respect to interest on judgments. The rate of interest on a judgment may be greater than the rate of interest specified in this Note.

**16. CREDIT BUREAU NOTIFICATION.** Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If Maker defaults on the loan, the lender, the holder or guaranty agency will also report the default to one or more credit bureau organizations. This reporting may affect the Maker's ability to obtain other credit.

**17. ADDITIONAL PROVISIONS.** (A) The Maker and any Endorser are jointly and severally liable for all amounts owing under this Note and consent to payment schedules as well as to any and all extensions and renewals without notice. (B) The Maker and any Endorser waive presentment for payment, demand, notice of nonpayment, notice of protest and protest of this Note, and consent to the terms of any payment schedule. (C) The Maker agrees to use the proceeds of the loan which this Note evidences solely to pay the expenses of attending the school for which the loan is made. (D) The Maker shall notify the lender promptly, in writing, of any changes from time to time occurring in his or her school enrollment status (such as withdrawal from school or less than half-time enrollment), and in which the Maker is enrolled or accepted for enrollment at the date of this Note, and for the loan period indicated on the application and in which the unpaid indebtedness hereunder shall be cancelled pursuant to regulations promulgated under the Act. (D1) The Maker shall notify the lender promptly, in writing, of any changes from time to time occurring in his or her school enrollment status (such as withdrawal from school or less than half-time enrollment) stated in the application for the loan. (E) The lender must provide information on the repayment status of this loan to credit bureaus and (for transfers to other schools) or home address from the prohibited by the law or regulation, the lender and/or GLHEC will disclose information about the status of this loan to any credit bureau. (F) Under the conditions set forth in Federal and GLHEC regulations governing the GSL program this loan may be transferred to a holder other than the original lender. Upon being notified of such transfer, the Maker has the same right and responsibilities with regard to the subsequent holder that the Maker had with regard to the original lender. The subsequent holder of the Promissory Note cannot be a holder in due course of the instrument under the Uniform Commercial Code as adopted by any state and a subsequent holder of the Promissory Note cannot be a holder in due course. For further information the Maker should contact GLHEC. Servicing Operations Manager. Other refinancing options may be available to the Maker for GSL and other educational loans.

**BORROWER CERTIFICATION.** I declare under penalty of perjury under the laws of the United States of America that the following is true and correct, the borrower, certify that the information contained in Section 1 of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I also certify that I do not now owe a refund on any PELL Grant, Basic Grant, Supplemental Educational Opportunity Grant, or State Student Incentive Grant that I received or am now in default on any loans received under the Perkins Loan (formerly National Direct Student Loan), the Federal Insured Student Loan Program, or the PLUS/SLS or ALAS Programs at any school. I further authorize the educational institution to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any educational institution that I may attend, GLHEC, to release to the lending institution, subsequent holder, or their agents, any requested information pertinent to this loan (e.g. employment, enrollment status, prior loan history, current address). I also authorize the lender, subsequent holder, their agent, educational institution or GLHEC to make inquiries from prior or subsequent lenders or holders with respect to my loan application and related documents, and to make inquiries of my parents and other third parties to obtain information regarding my location, employment and sources of income. I certify that the new loan made as a result of this application will be used for educational purposes for the academic period covered by this application at the educational institution named. I further certify that I am responsible for repaying any funds that I receive which cannot reasonably be attributed to meeting my education expenses related to attendance at the institution named. I further certify that I have read and understand the statement of borrower responsibilities attached to the application.

Madison, WI 53705

xxx 2887